UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. CARROLL, JR., and        )
CAROLYN K. CARROLL                  )
                                    )    Case No. 3:15-cv-00508-JWD-SCR
                        Plaintiffs, )
                                    )
v.                                  )
                                    )
SAMERA ABIDE,                       )
                        Defendant.  )

**RULING AND ORDER ON PLAINTIFFS' APPEAL FROM**

**ORDER OF BANKRUPTCY COURT**

**I.      INTRODUCTION**

Before the Court is Plaintiffs' apparent appeal of an order, issued by United States

Bankruptcy Court for the Middle District of Louisiana ("Bankruptcy Court"), that denied their

request for a stay of an auction of their non-exempt property, itself authorized by an order dated

June 1, 2015 ("Auction Order"), pending their appeal to this Court ("Present Appeal"). In this ill-

drafted motion, Plaintiffs effectively seek review and reversal of three separate but linked orders

via the Present Appeal, ignoring the import consequence of a most crucial date: on June 1, 2015,

over Plaintiffs' objections, the Bankruptcy Court signed the Auction Order, thereby granting the

Trustee's Motion to Sell Property Free and Clear of Liens under Section 363 at Auction through

Crescent City Auction Gallery, LLC and/or Crescent City Auction Exchange, LLC Combined with the Trustee's Application for Authority to Employ Auctioneer and to Pay Auctioneers' Compensation and Expenses and Buyers' Premium upon Sale ("Motion to Sell") and authorizing the auctioning of the Plaintiffs' non-exempt property. (Doc. 687, No. 08-bk-10756). More than three months later, on September 4, 2015, the Bankruptcy Court denied Plaintiffs' Motion for a Preliminary Injunction halting this imminent sale, (Doc. 13, No. 15-ap-01067), as memorialized in a written order docketed on September 9, 2015, (Doc. 32, No. 15-ap-01067). On September 10, 2015, the Bankruptcy Court disposed of one more motion—Plaintiffs' Expedited Motion to Stay Pending Appeal ("First Motion to Stay"), (Doc. 34, No. 15-ap-01067)—formally denying Plaintiffs' attempt to stay enforcement of this denial order pending their appeal to this Court on September 10, 2015. (Doc. 36, No. 15-ap-01067.) On September 10, 2015, Plaintiffs filed the Notice of Appeal from the Bankruptcy Court ("Notice of Appeal"), (Doc. 1, No. 15-cv-00508), and the Motion of Stay ("Second Motion to Stay"), (Doc. 2, No. 15-cv-00508), a document substantively identical to the Plaintiffs' Motion to Stay, (Doc. 34, No. 15-ap-01067), previously denied by the Bankruptcy Court, (Doc. 36, No. 15-ap-01067). Seemingly, therefore, Plaintiffs are appealing the Bankruptcy Court's order denying the First Motion to Stay.

For all the fog engendered by Plaintiffs' vague filings, the central issue is surprisingly clear and narrow—Plaintiffs are seeking to prevent an auction of their property scheduled to commence at 12:00 p.m., on September 11, 2015, pursuant to the Auction Order—and the standard to be applied—that set for a preliminary injunction, which requires the moving party to prove four separate elements—is incontestable. Thus, if Plaintiffs cannot show even one—a likelihood of success on the merits, for example, or no disservice to the public interest, for instance—no stay can issue, and their appeal must fail. Here, unfortunately for Plaintiffs, their

likelihood of prevailing on the merits is miniscule, if not nonexistent, for the appeal of the underlying Auction Order is now jurisdictionally barred as a matter of unambiguous federal procedural law. Thus, they almost assuredly cannot obtain the relief they seek from any court, and neither their request for a stay nor their appeal is viable in light of their insufficient showing as to even this one element of the law's injunctive criterion.

For these reasons, as more fully explicated below, this Court DENIES the Second Motion for Stay, (Doc. 2, No. 15-cv-00508), and DISMISSES the Present Appeal.


## II.      FACTUAL & PROCEDURAL BACKGROUND

On May 21, 2008, Mr. William Douglas Carroll, Jr., and Mrs. Carolyn Carroll ("Plaintiffs," "Carrolls," or "Debtors") filed a petition pursuant to chapter 13 of the United States Bankruptcy Code, lodged in title 11 of the United States Code. (Doc. 1, No. 08-bk-10756.) More than a year later, on August 27, 2009, the Bankruptcy Court converted Plaintiffs' chapter 13 case to a chapter 7 one. (Doc. 59, 75, Case No. 08-bk-10756.) On that same conversion date, Ms. Samera L. Abide ("Abide" or "Trustee") was appointed the trustee for the Plaintiffs' estate. Since that administrative action, Plaintiffs have engaged in an ever-growing array of disputes with the Trustee, as evidenced by the more than seven-hundred entries on the underlying bankruptcy case's docket.

The dispute on appeal bears a more recent genesis. On April 30, 2015, the Trustee filed the Motion to Sell Property Free and Clear of Liens under Section 363 at Auction through Crescent City Auction Gallery, LLC and/or Crescent City Auction Exchange, LLC Combined with the Trustee's Application for Authority to Employ Auctioneer and to Pay Auctioneers' Compensation and Expenses and Buyers' Premium upon Sale ("Motion to Sell").  (Doc. 670, No

08-bk-01067.) The Bankruptcy Court scheduled a hearing on this filing for May 27, 2015. (Doc. 671, No 08-bk-01067.) Plaintiffs filed a five-page opposition on May 19, 2015. (Doc. 680, No. 08-bk-01067.) Two other persons, Mses. Pamela K. Alonso and Cynthia G. O'Neal, tendered their own objection on that date. (Doc. 682, No. 08-bk-01067.) The Trustee, of course, objected. (Doc. 684, No. 08-bk-01067.) Having considered each relevant document, the Bankruptcy Court signed the Auction Order on June 1, 2015. (Doc. 687, No. 08-bk-01067.)

On August 19, 2015, more than two months later, Plaintiffs filed their most recent complaint, initiating the bankruptcy case's latest adversarial offshoot. (Doc. 1, No. 15-ap-01067.) Notably, this complaint declaims any connection with a matter recently remanded to this Court by the United States Court of Appeals for the Fifth Circuit. (*Id.* at 1.) Though this twelve-page document makes a number of different inapposite allegations, from fraud to perjury, in relevant part it implied the impropriety of the Auction Order in light of Plaintiffs' desire to "'buy-out' the movables," the property to be auctioned, "at a fair market value," as allegedly determined by their own appraisers. (*Id.* at 6–7.) Actually, the complaint's title makes the Plaintiffs' aim explicit: "Complaint for Relief: Debtor's [sic] . . . Request [for] a Temporary Restraining Order . . . Against the September 11-13 Sale of their Estate Movables," (*Id.* at 1), as does the attached proposed order, (Doc. 2, No. 15-ap-01067). With this latest adversary proceeding, then, Plaintiffs sought to stop the auction of their property originally authorized on June 1, 2015, (Doc. 1 at 12, No. 15-ap-01067), an order never officially appealed. On August 31, 2015, Plaintiffs filed a motion for a preliminary injunction ("Motion for Injunction") wherein they asked the Bankruptcy Court to grant an injunction barring the holding of the auction

presently scheduled for September 11, 2015. (Doc. 13 at 2, No. 15-ap-01067.)[1] Otherwise, they

maintained, "[a]n irreparable harm will occur," and "loss of their personal property . . . will

continue to occur." (*Id.*) The Trustee opposed this motion. (Doc. 28, No. 15-ap-01067.) On

September 4, 2015, the Bankruptcy formally denied the Motion for Injunction ("Injunction

Order"). (Doc. 32, No. 15-ap-01067.) This imperfect appeal followed.

On September 10, 2015, the Trustee filed her own opposition. (Doc. 3, No. 15-cv-00508-

JWD-SCR.) The Trustee offers five relevant arguments. First, since the Auction Order issued on

June 1, 2015, it became final in accordance with the Federal Rules of Bankruptcy Procedure[2] on

June 16, 2015. (*Id.* at 1.) Second, since Plaintiffs lack the standing to bring the underlying

complaint or the motion or preliminary injunction, "it stands to reason that the Carrolls have no

right to a stay pending appeal of the Court's orders." (*Id.* at 2.) Third, the standards for

preliminary injunction and a stay are identical, and Plaintiffs did not offer "credible evidence of

(1) irreparable injury, (2) likelihood of success on the merits, (3) a favorable balance of

hardships, and (4) adverse effect on the public interest" before the Bankruptcy Court on

September 4, 2015. (*Id.*) Fourth, "[t]he Trustee has always recognized the Carrolls' right to the

exemption under La. R.S. 13:3881 of their clothing, wedding rings (up to $5,000 in value) and

the 1997 Mercedes," and none of this exempt property is part of the scheduled auction. (*Id.* at 2–

3.) In a derivative argument, the Trustee contends that she has never attempted to sell any of

Plaintiffs' exempt movables. (*Id.* at 3.) Finally, Trustee asserts that the Auction order is "final

and unappealable," leaving Plaintiffs with "no basis upon which . . . [they] are entitled to relief."

---

[1] Plaintiffs also filed a motion to compel, (Doc. 11, No. 15-bk-01067), whose basis has seemingly been rectified, (Doc. 3, No. 15-cv-00508).

[2] In this order, any and all reference to "Rule" or "Rules" is to the Federal Rules of Bankruptcy Procedure unless otherwise noted.

(*Id.* at 3.) The Auction Order, Defendant contends, is insulated from review by the defenses of *res judicata* and collateral estoppel. (*Id.* at 3.)

## III.     DISCUSSION

### A.     The Sole Pertinent Argument on Appeal

Though the Plaintiffs' papers are no models of clarity, to the extent that the Present Appeal requests a stay of the auction scheduled to begin on September 11, 2015, a matter governed by Rule 8007, Plaintiffs must demonstrate a likelihood of success upon the merits for any such stay to be granted by this or any other court. In other words, they must provide sufficiently persuasive evidence to convince this Court that the Auction Order can be reviewed and overturned. If no such reasonable possibility exists or if Plaintiffs have failed to provide convincing evidence of such a possibility's reasonableness, their appeal must fail. Thus, it is not the content of the Plaintiffs' papers in this Court upon which their case now hinges. Instead, it is the legal unassailability, if any, of the Auction Order.

### B.     Application

Governed by Rule 8007, FED. R. BANKR. P. 8007(b)(1), "[t]he standard for granting a stay pending appeal mirrors that for granting a preliminary injunction." *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014); *see also Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986). Thus, a court must "consider the moving party's likelihood of success on the merits, the irreparable harm that will result to each side if the stay is either granted or denied in error, and whether the public interest favors one side or the other." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *accord, e.g.*, *Wilson v. Office of Violent Sex Offender Mgmt.*, 584 F.

App'x 210, 212 (5th Cir. 2014). To measure likelihood of the moving party's success, *see, e.g.*, *Allied Mktg. Group, Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985), this Court must consult the applicable substantive law. *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990); *see also, e.g.*, *Mississippi Power*, 760 F.2d at 622. Significantly, "[t]o obtain an injunction, the movant's likelihood of success must be more than negligible." *Compact Van Equip. Co., Inc. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978). In fact, "the preliminary injunction should not be granted unless the question presented by the applicant is free from doubt." *Cong. of Racial Equality v. Douglas*, 318 F.2d 95, 97 (5th Cir. 1963); *see also, e.g.*, *35 Bar & Grille, LLC v. City of San Antonio*, 943 F. Supp. 2d 706, 722 (W.D. Tex. 2013) (citing *id.*); *Travelhost, Inc. v. Modglin*, No. 3:11-CV-0456-G, 2012 U.S. Dist. LEXIS 78539, at *11, 2012 WL 2049321, at *4 (N.D. Tex. June 6, 2012) (same). As the test for appropriateness of stay order pending appeal is same as that for preliminary injunction, *see, e.g.*, *In re Dobslaw*, 20 B.R. 922 (Bankr. E.D. Pa. 1982), and requires a movant to demonstrate all four elements, *see, e.g.*, *Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 843 (E.D. Cal. 2006); *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y. 2003); *In re Dial Indus.,* 137 B.R. 247, 250-251 (Bankr. N.D. Ohio 1992), this high hurdle, no other, must Plaintiffs have clearly passed.

Here, that law appears in both the Code and the Rules.[3] While a district court's authority to hear appeals from final judgments of a bankruptcy court has a statutory basis, 28 U.S.C. §

---

[3] Federal procedural rules, like statutes, carry the force and effect of federal law, governing the conduct of courts and litigants absent any inconsistency with the Rules Enabling Act, 28 U.S.C. § 2072–75. *SLW Capital, LLC v. Mansaray- Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230, 235 (3d Cir. 2008) ("The Rules are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code."), *abrogated on other grounds*, *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 158 (2010); *see also, e.g.*, *Hentif v. Obama*, 733 F.3d 1243, 1246 (D.C. Cir. 2013) ("Where rules fall within the scope of the [REA], subject to its limitations, they have the force of law, and the court is not free to ignore their interpretation."); *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 108 n.14 (2d Cir. 2013) ("The Federal Rules of Civil Procedure . . . have the force and effect of a federal statute." (internal quotation marks omitted)); *Morel v.*

158(a), the Rules precisely circumscribe the timeliness of an appeal for purposes this provision. Under Rule 8003, "[a]n appeal from a judgment, order, or decree of a bankruptcy court to a district court under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002." FED. R. BANKR. P. 8003(a)(1)*;[4] Martin v. Sanderson Farms, Inc. (In re Martin)*, 222 F. App'x 360, 363 (5th Cir. 2007). Rule 8002(a)(1), in turn, sets a tight time limit: with certain inapplicable exceptions,[5] "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. P. 8002(a)(1);[6] *Admiral Ins. Co. v. Willson (In re Cent. La. Grain Coop., Inc.)*, 489 B.R. 403, 408 (W.D. La. 2013).

As the Court once implied, "the requirement of a timely notice of appeal" set in the various federal rules is often both "mandatory and jurisdictional." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982). Per this principle, the deadline for filing the notice of appeal as provided by Rule 8002(a) would have to be so construed by this Court. *See, e.g.*, *Battle v. Mortg. Elec. Regisration Sys. (In re Battle)*, No. 04-98513-MGD, 2005 Bankr. LEXIS 486, at *12, (N.D. Ga. Jan. 31, 2005); *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982) (recognizing that time limit in the predecessor to Rule 8002(a) was jurisdictional); *Robinson v. Robinson (In re Robinson)*, 640 F.2d 737, 738 (5th Cir. 1981) (same); *Ramsey v. Ramsey (In re Ramsey)*, 612 F.2d 1220, 1222 (9th Cir. 1980) (same); *In re Herwit*, 970 F.2d 709, 710 (10th Cir. 1992) (same). In fact, in a command binding upon this

---

*DaimlerChrysler AG*, 565 F.3d 20, 24 (1st Cir. 2009) ("[A]s long as a Rule is consonant with both the Constitution and the Rules Enabling Act, that Rule must be given effect." (citation omitted) (internal quotation marks omitted)).

[4] A court may excuse an appellant's failure not to take "other steps." FED. R. BANKR. P. 8003(a)(2).

[5] Rule 8003(b)(1) creates a special exemption if an appellant timely files certain motions in the bankruptcy court, and (c) governs appeals by an inmate confined in a correctional institution. FED. R. BANKR. P. 8003(b)(1), (c).

[6] Technically, the Stay Motion, identical to that already considered and rejected by the Bankruptcy Court, is governed by Rule 8007. However, the time limits set in Rule 8002 apply even to such motions.

Court, the Fifth Circuit has endorsed this approach: "Since . . . 28 U.S.C. § 158 . . . expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit [in Rule 8002(a)] is jurisdictional." *Smith v. Gartley (In re Berman-Smith)*, 737 F.3d 997, 1003 (5th Cir. 2013); *accord, e.g.*, *Howley v. Clark*, No. 11-2194-KHV, 2011 U.S. Dist. LEXIS 107712, at *4 n.3, 2011 WL 4440070, at *2 n.3 (D. Kan. Sept. 23, 2011); *In re Dovetail*, No. 07-B-72820, 2009 Bankr. LEXIS 586, at *4–5, 2009 WL 667156, at *2 (Bankr. N.D. Ill. Mar. 11, 2009); *Emann v. Latture (In re Latture)*, 605 F.3d 830, 836–37 (10th Cir. 2010).

Here, in light of this standard's automatic application, the relevant dates leave no option but dismissal currently available. The Auction Order issued on June 1, 2015, (Doc. 687, No. 08-bk-10756), and Plaintiffs filed their appeal in this Court on September 10, 2015, (Doc. 1, 2, No. 15-cv-00508). From June 1, 2015, to September 10, 2015, three months and nine days, a span of 101 days, passed. Arithmetically, of course, the actual count of 101 far exceeds 14, the maximum set by Rule 8002(a). Having failed to appeal the Auction Order by the end of day on June 15, 2015, Plaintiffs' own actions deprived this Court of any jurisdiction to hear that order's appeal. As such, Plaintiff cannot show one of the four elements required for an injunction's issue, for with this Court bereft of jurisdiction, *see In re Martin*, 222 F. App'x at 363 (dismissing an appeal for lack of jurisdiction due to debtors' failure to appeal case within the limits set in Rules 8002 and 8003), their appeal's likely success on the merits is, at best, fanciful. Accordingly, with Plaintiffs having failed to meet every part of the standard for a stay pursuant to Rule 8007, they have not met their burden, and this Court cannot—and therefore will not—issue a stay when their case as to this issue has no merit due to their own dilatoriness.

While the foregoing analysis rests wholly on the unambiguous meaning of Rule 8002(a), this Court notes that Plaintiffs' standing is itself uncertain, and their failure to convincingly show this essential jurisdictional element would just as equally bar the issuance of a stay in this proceeding as their failure to adhere to a rule's temporal demands. Upon their bankruptcy case's conversion to chapter 7 and the Trustee's appointment, Plaintiffs lost any right to their property beyond that they were permitted to exempt from the estate's reach. 11 U.S.C. §§ 348, 541; *BC Liquidating, LLC v. Weinstein (In re BC Funding, LLC)*, 519 B.R. 394, 411 (Bankr. E.D.N.Y. 2014). Any property properly exempt, as the Trustee has averred and as the bankruptcy case's docket divulges, remained theirs to claim and once again call their own. But, as a matter of law, every other asset became the property of the estate over which the Trustee had a right to dispose in accordance with the Code and the Rules and subject to the Bankruptcy Court's review. 11 U.S.C. § 323; FED. R. BANKR. P. 9019. As the First Circuit has explained, "[t]he advent of the chapter 7 estate and the appointment of the chapter 7 trustee divest the chapter 7 debtor of all right, title and interest in nonexempt property of the estate at the commencement of the case"; "[s]ince title to property of the estate no longer resides in the chapter 7 debtor, the debtor typically lacks any pecuniary interest in the chapter 7 trustee's disposition of that property." *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001). True, a debtor defined as "aggrieved" may still appeal a bankruptcy court order in certain circumstances, but "[c]ourts rarely find that a Chapter 7 debtor is a 'person aggrieved' by a bankruptcy court order regarding the disposition of property of the estate" for this very reason." *Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010); *see also Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002). In other words, "a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate, since such an order would not diminish the debtor's property,

increase his burdens, or detrimentally affect his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154–55 (1st Cir. 1987).[7]

## IV.    CONCLUSION

For the foregoing reasons, this Court DENIES the Second Motion for Stay, (Doc. 2, No. 15-cv-00508), and DISMISSES the Present Appeal.

Signed in Baton Rouge, Louisiana, on <u>September 11, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] Aside from these legal standards, this Court must admit that it does not find Plaintiffs' factual assertions to be particularly convincing. To assert without the submission of any documentary evidence that a better deal has been offered—and assured—does not show a likelihood of success on the question before the Court: that the auction itself violated the law. Nor does it demonstrate how staying this auction will prevent some apparent public harm rather than, at worst, offend the Plaintiffs' sensibilities. Much has been sunk into this proceeding over a seven-year period; it strikes this Court as likely that finality would serve the better ends of justice than further delay.